AO 91 (Rev. 11/82)

# CRIMINAL COMPLAINT

**ORIGINAL**

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>LUIS A. BORJON | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>M 13-2512 |

Complaint for violation of Title 18, United States Code, Section 201(b)(1)(C)

| NAME OF MAGISTRATE JUDGE<br>HONORABLE PATRICK J. WALSH | UNITED STATES MAGISTRATE JUDGE | LOCATION<br>Los Angeles, California |
|---|---|---|

| DATE OF OFFENSE<br>January 16, 2013 | PLACE OF OFFENSE<br>Riverside County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

18 U.S.C. § 201(b)(1)(C)

On or about January 16, 2013, in Riverside County, and elsewhere, defendant LUIS A. BORJON ("BORJON") directly and indirectly corruptly demanded, sought, received, accepted, and agreed to accept and receive a thing of value, namely money, from an inmate's brother in exchange for being induced to provide that inmate with a cellular phone, in violation of BORJON's official duties.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>Thomas L. Reynolds<br>OFFICIAL TITLE<br>Special Agent – Department of Justice, Office of Inspector General |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1)<br>Patrick J. Walsh | DATE<br>September 12, 2013 |
|---|---|

(1) See Federal Rules of Criminal Procedure 3 and 54

AUSA Meghan A. Blanco x2253    REC: Detention

## AFFIDAVIT

### I.

### INTRODUCTION

I, Thomas L. Reynolds, being duly sworn, hereby state the following:

1. I am a Special Agent ("SA") with the Office of the Inspector General ("OIG"), United States Department of Justice ("DOJ") and am currently assigned to the OIG's Los Angeles Field Office, which is responsible for investigating federal crimes against the United States government. Prior to becoming an OIG SA, I was employed by the National Aeronautics and Space Administration's ("NASA") OIG. Prior to being employed by NASA OIG, I was a Drug Enforcement Administration ("DEA") SA for approximately eighteen years. Prior to becoming a DEA SA, I was employed as an Investigative Specialist for the Federal Bureau of Investigation ("FBI") for approximately four years. During my federal law enforcement career, I have received training in federal criminal offenses and investigative techniques.

2. The information contained in this affidavit is the result of my own personal investigation, information communicated to me by other law enforcement officers familiar with these facts, statements from witnesses, training and experience, and my review of telephone records and recorded conversations. Unless specifically indicated otherwise, all conversations, statements and other information described in this affidavit are related in substance and in part only. This affidavit is intended to show there is sufficient probable cause for the requested criminal complaint and arrest warrant, and does not purport to set forth all the facts known to me concerning this investigation.

1

## II.

## **PURPOSE OF AFFIDAVIT**

3. This affidavit is offered in support of a criminal complaint and an arrest warrant for United States Bureau of Prisons ("BOP") Correctional Officer LUIS A. BORJON ("BORJON"), for committing bribery in violation of Title 18, United States Code, Section 201(b)(2)(C). As detailed below, BORJON directly and indirectly corruptly demanded, sought, received, accepted, and agreed to accept and receive, at least one thousand dollars from an inmate's brother in exchange for being induced to provide that inmate with a cellular phone, in violation of his official duties.

## III.

## **BACKGROUND INFORMATION**

4. BORJON is employed as a correctional officer at the Federal Correctional Institution at Terminal Island. As a correctional officer, one of BORJON's primary responsibilities is to enforce BOP regulations. BOP regulations prohibit federal inmates from possessing cellular telephones. Providing a federal inmate with a cellular telephone is a violation of both BOP regulations and Title 18, United States Code, Section 1791.

5. At all times relevant to this Affidavit, BORJON is believed to have used cellular telephone number 951-265-0318 ("BORJON's telephone")[1].

---

[1] TRACFONE cellular telephone company subscriber records for BORJON's telephone show a subscriber address of "229 S PA STEER 1057159185, Lake Elsinore, California 92530;" an alternative telephone number of "951-623-9136;" a subscriber date of birth of "06/06/1962;" and an email address of "MIGHTYDUCKS1FAN@AOL.COM." DMV records indicate that BORJON once resided at 229 S. Pennsylvania St., Lake Elsinore and that his date of birth is June 06, 1962. BOP employee records reflect that telephone number 951-623-9136 belongs to BORJON and BORJON's wife, Tammera Borjon, who is also a correctional officer. AOL

2

6. Inmate A is an inmate at the Federal Correctional Institute at Terminal Island. He has prior convictions for importation of methamphetamine, carrying a loaded firearm, and driving on a suspended license.

7. Inmate A's brother has a misdemeanor conviction for carrying a firearm in public.

## IV.

## **PROBABLE CAUSE**

8. BOP records reflect that on or about January 17, 2013, Inmate A was searched and found to be in possession of a cellular telephone.

9. According to Inmate A, in or around the middle of November 2012, BORJON approached Inmate A and said that he heard Inmate A had money and was "the man." BORJON then asked Inmate A for a "loan" and told him to "just trust me and we'll do something." According to Inmate A, BORJON told Inmate A that he was down on his luck and needed between $3,000-5,000 for Christmas. Inmate A admitted that in exchange for the money, Inmate A asked BORJON to provide him with a cellular telephone. Inmate A said that he then gave BORJON his brother's cellular telephone number (909-228-7808, "Brother's telephone") so that BORJON could speak directly to Inmate A's brother.

10. According to Inmate A, approximately one month later, Inmate A's brother and a friend visited Inmate A in prison. During their visit, Inmate A identified BORJON as the correctional officer who had previously inquired about the "loan."

11. Inmate A's brother said that a short time after he visited Inmate A in prison, he

---

internet company subscriber records for MIGHTYDUCKS1FAN@AOL.COM indicate that the MIGHTYDUCKS1FAN@AOL.COM internet address is a screen name subscribed by Tammera Borjon, with the address of 229 S. Pennsylvania St., Lake Elsinore, California 92530.

3

received a telephone call from BORJON. According to Inmate A's brother, during their telephone conversation, BORJON asked Inmate A's brother for money and said that he would "take care" of Inmate A. Inmate A's brother stated that BORJON instructed Inmate A's brother to place the money in BORJON's bank account. Telephone records indicate that the first time Inmate A's brother was in contact with BORJON's telephone was on or about December 14, 2013.

12. Text records reflect that later that day, Inmate A's brother sent a text to BORJON's telephone that said: "Text me that acct number." Shortly thereafter, Inmate A's brother received two responsive texts from BORJON's telephone. The first contained a twelve digit number ending in 3539 (the "Bank Account"), and the second stated: "B of a last name on acct borjon." According to FBI SA Stephen Phillips, Bank of America records indicate that the Bank Account is held jointly by BORJON and Tammera S. Borjon.

13. Toll records show that less than a half hour later, two calls were placed from BORJON's telephone to Bank of America. Toll records also reflect that a few minutes after placing the second call to Bank of America, a call was placed from BORJON's telephone to Inmate A's brother. Approximately three minutes after that, a text message was sent from BORJON's telephone to Inmate A's brother asking "did you get my text?"

14. BOP records indicate that BORJON and Tammera Borjon requested and took annual leave from Monday, December 17, 2012 to Friday, January 4, 2013.

15. On or about January 10, 2013, Inmate A's brother received a voicemail message from BORJON's telephone. BOP Special Investigative Supervisor ("SIS") Jerome Taylor and TI FCI Warden Conrad Graber have identified the voice as belonging to BORJON. In the

4

recording, BORJON stated that he was "back in town" and that he "want[ed] to see if we could meet ... uh ... I need to give you a message ... call me back or text me please."

16. According to Inmate A's brother, he and BORJON thereafter decided to meet in person for the exchange.

17. On or about January 16, 2013, at approximately 9:25 p.m., Inmate A's brother sent a text to BORJON's telephone that stated: "Call me. Yo I'm on my way."

18. Toll records reflect that between approximately 8:30 p.m. and approximately 10:30 p.m. on January 16, 2013, approximately eleven telephone calls were placed between BORJON's telephone and Inmate A's brother's telephone.

19. According to Inmate A's brother, the night of January 16, he and a friend met BORJON at the Chevron gas-station located on Central Avenue, in Lake Elsinore. Inmate A's brother stated that he gave BORJON approximately $1,000 in cash[2] and a cellular telephone to give to Inmate A during this meeting. Inmate A's brother recalled that at the end of the meeting, BORJON told him that he was not responsible if Inmate A was caught with the telephone.

20. The friend[3] who accompanied Inmate A's brother said that he overheard BORJON tell Inmate A's brother "if you needed to get anything to your brother, I'll do it."

V.

---

[2] Inmate A's brother could not remember the exact amount of money he gave BORJON, although he recalled that it was more than $1,000. The friend believed the amount was between $1,000 and $2,000.
[3] The friend has at least one conviction for driving under the influence and reckless driving.

5

## CONCLUSION

21.     Based on the facts contained in this affidavit, there is probable cause to believe that LUIS A. BORJON committed bribery in violation of Title 18, United States Code, Section 201(b)(2)(C).

 

THOMAS L. REYNOLDS
Special Agent, DOJ OIG

Sworn and subscribed to
before me this 12 day
of September, 2013

Honorable Patrick J. Walsh
United States Magistrate Judge

6